UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

| | |
|---|---|
| JAMISON JAY MOON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>)<br>Defendant. )<br>_____ ) | Case No. 1:18-cv-896<br><br>Honorable Paul L. Maloney |

## **REPORT AND RECOMMENDATION**

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security, finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. In August 2015, plaintiff filed his applications for DIB and SSI benefits. He alleged a March 1, 2013, onset of disability. (ECF No. 7-5, PageID.231, 238). Plaintiff's claims were denied on initial review. (ECF No. 7-4, PageID.158-73). On August 14, 2017, plaintiff received a hearing before the ALJ. (ECF No. 7-2, PageID.73-125). The ALJ issued his decision on December 26, 2017, finding that plaintiff was not disabled. (Op., ECF No. 7-2, PageID.46-59). On July 18, 2018, the Appeals Council denied review (ECF No. 7-2, PageID.23-26), rendering the ALJ's decision the Commissioner's final decision.

Plaintiff timely filed a complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should be overturned on

the following grounds:

> I. The unrebutted conclusions of treating sources that the claimant is disabled represent the only "substantial" evidence of record.
>
> II. The ALJ failed to consider the combined effects of plaintiff's impairments as required by law.

(Plf. Brief, 3, ECF No. 11, PageID.945). For the reasons set forth herein, I recommend that the Court affirm the Commissioner's decision.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without

fear of court interference." *Buxton*, 246 F.3d at 772-73; *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion.").

## **The ALJ's Decision**

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act through December 31, 2016. (Op., 4, ECF No. 7-2, PageID.49). Plaintiff had not engaged in substantial gainful activity on or after March 1, 2013, the alleged onset date. (*Id.*). Plaintiff had the following severe impairments: "Idiopathic peripheral neuropathy; major depressive disorder; [and] degenerative disc disease with S1 nerve root impingement." (*Id.*). Plaintiff did not have an impairment or combination of impairments that met or equaled a listing impairment. (*Id.*). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of sedentary work with the following exceptions:

> he can lift/carry/push/pull ten pounds occasionally and less than ten pounds frequently. He can sit for six hours, stand for two hours, and walk for two hours. He can never operate foot controls with his right or left foot. The claimant can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant can never work at unprotected heights, around moving mechanical parts, or in vibration. He can occasionally work in humidity, wetness, extreme cold, and extreme heat. The claimant is limited to performing simple, routine tasks and simple work-related decisions. In addition, he can occasionally interact with the public.

(*Id.* at 6-7, PageID.51-52).

The ALJ found that plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical

evidence and other evidence of record. (*Id.* at 7-8, PageID.52-53).  Plaintiff could not perform any past relevant work.  (*Id.* at 12, PageID.57).

The ALJ considered the testimony of a vocational expert (VE).  In response to a hypothetical question regarding a person of plaintiff's age with his RFC, education, and work experience, the VE testified that there were approximately 95,000 jobs in the national economy that the hypothetical person would be capable of performing.  (ECF No. 7-2, PageID.118-20).  The ALJ found that this constituted a significant number of jobs, and he found that plaintiff was not disabled.  (Op., 13-14, PageID.58-59).

## Discussion

### 1.

Plaintiff's initial claim of error is that the Commissioner's decision should be overturned because the unrebutted conclusions of treating sources[1] that the claimant is disabled are the only substantial evidence of record.  (Plf. Brief, 9; ECF No. 11, PageID.951).  Plaintiff argues that the "most qualified source in the record is the University of Michigan Neurologist.  He clearly opines that the claimant should not work[.]"  (*Id.*) (citing ECF No. 7-10, PageID.836).

Generally, the medical opinions of treating physicians are given substantial, if not controlling deference.  *See Johnson v. Commissioner*, 652 F.3d 646, 651 (6th Cir. 2011).  "[T]he opinion of a treating physician does not receive controlling weight

---

[1] Although plaintiff refers to "treating sources," the only developed argument is based on the opinions of Sindhu Ramchandren, M.D. (Plf. Brief, 9-11, PageID.951-53; Reply Brief, 2-4, ECF No. 13, PageID.972-74).

merely by virtue of the fact that it is from a treating physician. Rather, it is accorded controlling weight where it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is not 'inconsistent ... with the other substantial evidence in the case record.'" *Massey v. Commissioner*, 409 F. App'x 917, 921 (6th Cir. 2011) (quoting *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009)).

"[T]he ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d at 773 (citation and quotation omitted). An opinion that is based on the claimant's reporting of his symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990*); see also Kepke v. Commissioner*, 636 F. App'x 625, 629 (6th Cir. 2016) ("[A] a doctor cannot simply report what his patient says and re-package it as an opinion."); *Francis v. Commissioner*, 414 F. App'x 802, 804 (6th Cir. 2011) (A physician's statement that merely regurgitates a claimant's self-described symptoms "is not a medical opinion at all.").

Even when a treating source's medical opinion is not given controlling weight, it should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p[2] (reprinted at

---

[2] On March 27, 2017, the Administration rescinded SSR 96-2p "for claims filed on or after" that date. Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 Fed Reg. 15263-01 (Mar. 27, 2017) (reprinted at 2017 WL 1105348). The

1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. §§ 404.1527(c), 416.927(c); *see also Perry v. Commissioner*, 734 F. App'x 335, 339 (6th Cir. 2018) ("This does not require an 'exhaustive, step-by-step analysis[.]' ") (quoting *Biestek v. Commissioner*, 880 F.3d 778, 785 (6th Cir. 2017)).

Moreover, the Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007*); see Gayheart v. Commissioner*, 710 F.3d at 376.  The reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reasons for that weight."  SSR 96-2p, 1996 WL 374188 at *5; *see Gayheart*, 710 F.3d at 376.  This procedural requirement exists, in part, so that claimants "understand why the administrative bureaucracy deems them not disabled when physicians are telling them that they are."  *Smith v. Commissioner*, 482 F.3d at 876; *see also Gayheart v. Commissioner*, 710 F.3d at 376 ("This procedural requirement ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.") (citation and quotation omitted).

---

Administration noted the ruling was inconsistent with new rules that "state that all medical sources, not just acceptable medical sources, can make evidence that we categorize and consider as medical opinions."  *Id.*; *see Hancock v. Commissioner*, No. 1:16-cv-1105, 2017 WL 2838237, at *7 n.2 (W.D. Mich. July 3, 2017) ("Those new rules, however, apply only to claims filed on or after March 27, 2017.").

Dr. Ramchandren first treated plaintiff on November 17, 2016, and last saw him on August 10, 2017. (ECF No. 7-10, PageID.737-41, 843-45, 860-62). The ALJ noted that Dr. Ramchandren was a neuromuscular specialist and that her first encounter with plaintiff was a consultation. (Op., 9, PageID.54). Plaintiff reported that back spasms prevented him from walking. He had normal strength with no visible atrophy. (ECF No. 7-10, PageID.737). Dr. Ramchandren recommended genetic testing to determine whether plaintiff had muscular dystrophy. (*Id.* at PageID.742). Genetic testing revealed that plaintiff had "some genetic mutation in genes associated with myopathy." (Op., 9, PageID.54; *see* ECF No. 7-10, PageID.844).

On February 23, 2017, plaintiff returned to Dr. Ramchandren. (ECF No. 7-10, PageID.843-48). Plaintiff related that he did "very well" in physical therapy and that his pain had returned to a "usual baseline." (*Id.* at PageID.844). Plaintiff "had a normal base gait, full strength throughout, and full sensation."[3] (Op., 9, PageID.54). On March 31, 2017, plaintiff underwent the muscle biopsy. (ECF No. 7-10, PageID.857-58). On August 10, 2017, Dr. Ramchandren found that the biopsy "only showed some non-specific mild chronic neurogenic atrophy," which could be caused by his back condition rather than any underlying myopathic process. (ECF No. 7-10, PageID.860). There was "no overwhelming evidence that [plaintiff's] symptoms [were] from muscular dystrophy." (*Id.*). Dr. Ramchandren offered a diagnosis of

---

[3] Plaintiff testified that he did not see Dr. Ramchandren at any time between February and August 2017. (ECF No. 7-2, PageID.99-100). In addition, he testified that he had not been placed on restrictions by any physician and that he was not taking any medications. (*Id.* at PageID.100-02).

"neurogenic muscle weakness, presumably from the back, which is a diagnosis typically managed by physical therapy and pain management." (*Id.*).

A few weeks earlier, on July 27, 2017, Dr. Ramchandren completed a "Medical Assessment of Ability To Do Work-Related Activities (Physical)" questionnaire. (ECF No. 7-10. PageID.833-836). He indicated that plaintiff could walk for zero minutes at a time without interruption and "never" walk during an eight-hour workday. (*Id.* at PageID.833). Plaintiff could lift and carry up to ten pounds occasionally. (*Id.* at PageID.834). He did not have simple grasping or fine manipulation limitations bilaterally. Plaintiff could never operate foot controls. (*Id.*). Plaintiff could occasionally bend, reach overhead bilaterally, and climb stairs, but never twist, squat, kneel, climb ladders, crawl, or stoop. (*Id.* at PageID.835). Plaintiff should avoid unprotected heights, moving machinery, automobiles, and vibration. (*Id.*). Dr. Ramchandren also offered his opinion that plaintiff's impairments would cause excessive absences, a need to recline, a need to elevate legs, and a possible need for plaintiff to adjust his positioning every fifteen minutes or less for pain relief. (*Id.* at PageID.836). When asked to describe "any supportive clinical or laboratory findings," Dr. Ramchandren listed EMG results, clinical examination, blood testing, and muscle biopsy, but he did not explain how they supported the proffered functional restrictions. (*Id.*).

The ALJ gave partial weight to Dr. Ramchandren's opinions. (Op., 11, PageID.56). The ALJ noted that, while he generally agreed with some suggested exertional limitations because they were consistent with the medical record, other

restrictions were rejected because they were inconsistent with the record. (*Id.*). For example, the ALJ found that Dr. Ramchandren's opinion that plaintiff could "never" walk was inconsistent with plaintiff's hearing testimony that he could walk for 1.5 hours. (*Id.*; *see* ECF No. 7-2, PageID.101-03). In addition, the ALJ found that this opinion was inconsistent with the evidence of record and the fact plaintiff "walk[ed] unassisted every day as a function of daily life." (Op., 11, PageID.56). Further, the ALJ found there was no support for Dr. Ramchandren's suggested limitations on reaching above the shoulder level, kneeling, and crawling, because the plaintiff admitted at the hearing that he could perform those tasks. (*Id.*; *see* ECF No. 7-2, PageID.103-104). The ALJ adopted Dr. Ramchandren's suggested limitations regarding lifting and workplace hazards because they were well supported by the record evidence and plaintiff's testimony. (Op., 11, PageID.56).

The ALJ did not commit any error in his consideration of Ramchandren's opinion that plaintiff should not work. The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). A treating physician's opinion that a patient is disabled is not entitled to any special significance. *See* 20 C.F.R. §§ 404.1527(d)(1), (3); 416.927(d)(1), (3); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007); *Sims v. Commissioner*, 406 F. App'x 977, 980 n. 1 (6th Cir. 2011) ("[T]he determination of disability [is] the prerogative of the Commissioner, not the treating physician."); *see also Cosma v. Commissioner*, 652 F. App'x 310, 311 (6th Cir. 2016) ("The ALJ

reasonably gave no weight to [a doctor's] opinion because her conclusion that [plaintiff was] totally disabled is a determination reserved to the Commissioner."). I find no violation of the treating physician rule.

**2.**

Plaintiff's second claim of error is that the ALJ failed to consider the combined effects of his impairments. He argues that the ALJ's RFC finding did not address the combined impact of his physical and psychological impairments. (Plf. Brief, 11-12; PageID.953-54).

RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Mokbel-Aljahami v. Commissioner*, 732 F. App'x 395, 401-02 (6th Cir. 2018). While the RFC determination is made by the ALJ, an ALJ's RFC determination must be supported by substantial evidence. *Torres v. Commissioner*, 490 F. App'x 748, 754 (6th Cir. 2012).

The ALJ considered all plaintiff's impairments, including his non-severe impairments and the combined effects of plaintiff's impairments, in making this factual finding. (Op., 3, PageID.48). The ALJ considered all the evidence presented, including the combination of plaintiff's physical and mental impairments, and he found that plaintiff retained the RFC for a limited range of sedentary work that involved simple, routine tasks, simple work-related decisions, and only occasional interaction with the public. (*Id.* at 6-12, PageID.57). The ALJ's RFC finding is supported by substantial evidence. I find no basis for disturbing the Commissioner's decision.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated: June 20, 2019                 /s/  Phillip J. Green
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge

## **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).