UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMISON JAY MOON,<br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br>    Defendant. | No. 1:18-cv-896<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Phillip J. Green, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") on June 20, 2019 (ECF No. 14). The R&R recommends affirming the Commissioner's decision denying benefits because substantial evidence supported the conclusion that Plaintiff was not disabled, and because the Commissioner correctly applied the law in reaching his decision. Plaintiff Jamison Jay Moon timely filed objections (ECF No. 15), and the Commissioner responded (ECF No. 16).

Plaintiff is entitled to de novo review on the portions of the R & R for which he has articulated clear and specific objections. Fed. R. Civ. P. 72(b)(3). But "[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition." *Owens v. Comm'r of Soc. Sec.*, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (quoting *Nickelson v. Warden*, No. 1:11-cv-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012)). And similarly, the Court is not

obligated to address objections that do not identify *specific* errors in the magistrate judge's proposed recommendations. *Id.*

Moon brings seven objections to the R&R, four of which concern the amount of record evidence. Moon's third objection argues that the ALJ acted outside his "zone of choice." Moon alleges that there was no record evidence to support the conclusion that Moon was able to work, because Dr. Ramchandren stated that Moon could not work. However, the ALJ did consider this evaluation, but also properly considered and accepted Dr. Ramchandren's conclusion that there was "no overwhelming evidence that [Moon's] symptoms [were] from muscular dystrophy." This conclusion, coupled with Moon's own testimony that he could walk, kneel, crawl, and reach above shoulder height (See ECF No. 14 at PageID.984), provided sufficient evidence for the ALJ to conclude that Moon was able to work in some capacity. The magistrate judge properly determined that there was sufficient evidence in the record to support the ALJ's conclusion and accordingly, this objection is overruled.

Moon's seventh objection makes a similar argument: that there was record evidence of his mental limitations and no contrary evidence, so the ALJ erred in concluding that Moon was able to work. The ALJ considered evidence of Moon's mental limitations, primarily as explained by Moon's therapist, Sarah Schwegmann. The ALJ determined, consistent with Schwegmann's opinion, that Moon could perform simple, routine tasks and make simple work-related decisions. The Court finds no error in the ALJ's evaluation or in the R&R's conclusion that the ALJ's decision was supported by substantial evidence. This objection is overruled.

Moon's fifth objection presents the same argument that he presented to the magistrate judge: that there is no medical evidence at all to support the ALJ's decision. The Court need not evaluate an objection that simply rehashes what the magistrate judge has already decided. *Owens*, 2013 WL 1304470, at *3. This objection is overruled.

Even if the Court could consider the objection, the presence of conflicting evidence, even if substantial, does not require reversal. *Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012). Rather, Moon must show that there was *not* substantial evidence to support the ALJ's conclusion. *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001). As stated above, the magistrate judge properly concluded that sufficient evidence exists in the record to support the ALJ's conclusion. This objection is meritless and is overruled.

Moon's second objection—the final evidence-based objection—argues that there is insufficient record evidence to support the conclusion that he can perform substantial, gainful activity that exists in significant numbers in the national economy. However, Moon did not raise this argument before the magistrate judge. Therefore, it is waived. *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010). This objection is overruled.

Moon's three other objections are trivial. Moon objects to the magistrate judge's characterization of his argument regarding Dr. Ramchandren's opinion. However, the R&R simply quotes Moon's brief. The Court declines to find that this is an error; this objection is overruled.

Moon's fourth objection takes issue with the word "overwhelming," and states that there is no requirement that a disability be "overwhelmingly" proven. Moon's statement of the law is correct, but neither the ALJ nor the magistrate judge required an overwhelming

amount of proof before finding that Moon was disabled. Rather, the term "overwhelming" only appears in quotes from Dr. Ramchandren. This objection misconstrues the R&R's conclusion and accordingly, it is overruled.

Moon's sixth objection alleges that the R&R failed to address a section of the ALJ's report. However, Moon does not elaborate on what the error is here; he simply quotes the ALJ's decision. He presented the same quote without explanation in his brief before the magistrate judge, so this issue cannot be rehashed in an objection. *Owens,* 2013 WL 1304470, at *3. This objection is overruled.

Based on the foregoing, **IT IS HEREBY ORDERED THAT** the Court **ADOPTS** the Report and Recommendation (ECF No. 14) as the Opinion of the Court, **OVERRULES** Plaintiff's objections (ECF No. 15), and **AFFIRMS** the decision of the Commissioner denying benefits to Plaintiff.

This case is **CONCLUDED**, and a separate judgment will issue.

    **IT IS SO ORDERED.**

Date:  February 12, 2020                         /s/ Paul L. Maloney
                                                                     Paul L. Maloney
                                                                     United States District Judge